IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARGARET ANN WHITNEY-BIGGS, )
                                     )    Civil No. 01-1682-ST
      Petitioner,         )
                                     )
  v.                                )
                                     )
MICHAEL McGHEE, )
                                     )    FINDINGS AND RECOMMENDATION
      Respondent.       )

     Ellen C. Pitcher
     Assistant Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204

          Attorney for Petitioner

     Hardy Myers
     Attorney General
     Lynn David Larsen
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

          Attorneys for Respondent

///

     1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. She seeks to challenge her underlying state Murder conviction primarily on that basis that she received ineffective assistance of trial and appellate counsel. For the reasons which follow, the Amended Petition for Writ of Habeas Corpus (docket #21) should be denied, and judgment should be entered dismissing this case with prejudice.

## BACKGROUND

Petitioner was charged with Murder with a Firearm after shooting her husband, Thomas Biggs ("Biggs"), with a semi-automatic rifle on April 1, 1994. Petitioner admitted shooting her husband, but raised four alternative defenses at trial ranging from self-defense to insanity. The jury rejected all of these defenses and found petitioner guilty. As a result, petitioner was sentenced to 25 years in prison. Respondent's Exhibit 101.

Petitioner filed a direct appeal claiming, *inter alia*, that the trial court erred when it admitted evidence of her violent conduct toward a former husband and a former boyfriend. The Oregon Court of Appeals issued a written opinion in which it determined that evidence of petitioner's prior bad acts should not have been admitted at trial. The Oregon Court of Appeals nevertheless affirmed the conviction because it concluded that there was substantial and convincing evidence of petitioner's guilt rendering

the error harmless. State v. Whitney-Biggs, 147 Or. App. 509, 532, 936 P.2d 1047, 1061 (1997). The Oregon Supreme Court denied review. Id, 326 Or. 43, 943 P.3d 633 (1997) and 326 Or. 58, 944 P.2d 948 (1997).

Petitioner next filed for post-conviction relief ("PCR") which was denied by the PCR trial court on all of her claims. Respondent's Exhibit 131. The Oregon Court of Appeals granted the State's motion for summary affirmance, and the Oregon Supreme Court denied review. Respondent's Exhibits 125-127, 129.

Petitioner filed her Amended Petition for Writ of Habeas Corpus (docket #21) on July 30, 2002. As the claims in the Amended Petition are accurately stated in the parties' briefing, the court need not repeat them here. Respondent asks the court to deny relief in this case because: (1) all claims are procedurally defaulted; (2) the state court decisions are entitled to deference under 28 U.S.C. §§ 2254(d) and (e)(1); and (3) the claims lack merit.

## DISCUSSION

### I. Unargued Claims

The Amended Petition raises four grounds for relief containing 23 sub-claims, but petitioner's Memorandum in Support of Petition for Habeas Relief addresses only the claims that her trial and appellate attorneys provided ineffective assistance of counsel when they failed to challenge the admission of prior bad acts evidence

3 - FINDINGS AND RECOMMENDATION

on federal due process grounds. Because petitioner has not provided the court with any arguments to support her remaining claims, the court deems these unargued claims abandoned. Cf. Doty v. County of Lassen, 37 F.3d 540, 548 (9th Cir. 1994) ("[t]he failure to brief [an] issue waives [the appellant's] right to appeal" it).

## II. Exhaustion and Procedural Default

Respondent argues that the claims argued by petitioner were not fairly presented to the Oregon state courts and are now procedurally defaulted.

### A. Standards

Before a federal court will consider the merits of habeas corpus claims, a petitioner must first exhaust those claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present her claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have

4 - FINDINGS AND RECOMMENDATION

not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review.  Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" her claim if she failed to comply with a state procedural rule or failed to raise the claim at the state level at all.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991).  If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence.  Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

**B.   Analysis**

Petitioner filed an Amended PCR Petition raising several federal ineffective assistance of trial counsel claims.  Relevant to this proceeding, petitioner alleged, without further detail, that trial counsel "failed to render proper objections." Respondent's Exhibit 112, p. 3.  She did not elaborate on this claim in either her trial memorandum or during her PCR deposition. Respondent's Exhibits 113-114.

With respect to appellate counsel, petitioner's Amended PCR Petition simply alleged that her attorney during direct appeal

5 - FINDINGS AND RECOMMENDATION

"failed to contact the Petitioner to ascertain possible issues for appeal, or to appeal all appealable issues[.]" Respondent's Exhibit 112, p. 5. Petitioner elaborated on this claim in her trial memorandum and PCR deposition, asserting that the appellate brief was "full of mistakes, distortions, twisted things and lies," but did not identify the basis for her assertions. Respondent's Exhibit 113, p. 21; Respondent's Exhibit 114, p. 39. Nowhere did petitioner allege that appellate counsel should have raised a federal due process issue pertaining to the admission of prior bad acts evidence.

Because ineffective assistance of counsel claims are discrete, they must be specifically raised in state court proceedings in order to avoid procedural default. Carriger v. Stewart, 971 F.2d 329, 333-34 (9th Cir. 1992), cert. denied, 507 U.S. 992 (1993). It is clear that the arguments petitioner asks this court to consider were never presented to the PCR trial court. Accordingly, petitioner's claims were not preserved for appellate review. See ORAP 5.45(4)(a) (each assignment of error on appeal must be preserved in the trial court).

Even if petitioner had fairly presented her claims to the PCR trial court, she did not raise them in either her Appellant's Brief or her Petition for Review. Respondent's Exhibits 124 and 128. Instead, she asserted only that she was denied her right to participate in her own defense when her trial attorney denied

6 - FINDINGS AND RECOMMENDATION

petitioner: (1) the right "to be heard by herself;" (2) her right to confrontation; and (3) the right to call witnesses on her own behalf. Respondent's Exhibit 124, p. 5; Respondent's Exhibit 128, p. 4. Petitioner neglected to alert the Oregon Court of Appeals and the Oregon Supreme Court that she faulted her attorneys for failing to raise a federal due process claim based on the admission of prior bad acts evidence against her.

Because petitioner did not give Oregon's state courts an opportunity to decide the claims she now raises, and since the time for presenting her new claims to the state courts has passed, the issues she presents in this case are procedurally defaulted. Petitioner has not shown cause and prejudice, nor has she made a colorable showing of actual innocence sufficient to excuse her default. Accordingly, relief on the Amended Petition should be denied.

## RECOMMENDATION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (docket #21) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

## SCHEDULING ORDER

Objections to this Findings and Recommendation, if any, are due August 7, 2006. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

7 - FINDINGS AND RECOMMENDATION

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this <u>19th</u> day of July, 2006.

>   /s/   Janice M. Stewart
>         Janice M. Stewart
>         United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION